Curtis R. Hussey, Esq.  (USB #5488)
Hussey Law Firm, LLC
P.O. Box 1896
Fairhope, Alabama  36532-1896
Telephone:  (251) 928-1423
Facsimile:  (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Briana Salgado

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| Briana Salgado,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Wells Fargo Bank, N.A.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Briana Salgado, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      The Plaintiff, Briana Salgado (hereafter "Plaintiff"), is an adult individual residing in Clearfield, Utah, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      The Defendant, Wells Fargo Bank, N.A. (hereafter "Wells Fargo"), is a company with an address of 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual employees and/or agents employed by Wells Fargo and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      Wells Fargo at all times acted by and through one or more of the Agents.

## Facts

7.      Within the last year, Wells Fargo contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

8.      At all times mentioned herein, Wells Fargo called Plaintiff's cellular telephone, number 801-xxx-6043, by using an automated telephone dialer system ("ATDS") and by using an artificial or prerecorded voice.

9.      When Plaintiff answered calls from Wells Fargo, she was met with a prerecorded message before being connected to the next available Wells Fargo representative.

10. During a live conversation in or around August 2014 with Wells Fargo, Plaintiff instructed Wells Fargo to cease calling her cellular telephone number.

11. However, despite having been informed of the foregoing and instructed by Plaintiff not to call, Wells Fargo thereafter continued to place calls to Plaintiff's cellular telephone at an annoying and harassing rate, sometimes calling up to ten times a day on a daily basis.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Wells Fargo continued calling Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

14. The telephone number called by Wells Fargo was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from Wells Fargo to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Each of the aforementioned calls made by Wells Fargo constitutes a violation of the TCPA.

17. As a result of each of Wells Fargo's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. As a result of each of Wells Fargo's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21. Utah further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Utah state law.

22. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with automatic telephone calls to her cellular phone.

23. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

24. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

25. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

26. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 17, 2014                LEMBERG LAW, LLC


By:  /s/  *Curtis R. Hussey*
Curtis R. Hussey

Attorney for Plaintiff
Briana Salgado